# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE MUNDO,**

        **Plaintiff,**

**-vs-**                          **Case No.  6:07-cv-702-Orl-19KRS**

**FLORIDA SUNSET SHUTTLE, INC.,**
**RUBEN CABRERA,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 26)**
>
> **FILED:**   **August 25, 2008**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs Jose Mundo, Joseph Vasquez, Javier Cordovez, and Macliane Flexas seek the entry of a default against Defendant Florida Sunset Shuttle, Inc.  Doc. No. 26.

Federal Rule of Civil Procedure 4(h), incorporating by reference Federal Rule of Civil Procedure 4(e)(1), permits a plaintiff to serve a corporation by personally serving an officer, managing, general or registered agent, or by following the applicable state law.  Section 48.081, Florida Statutes, governs service of process on a corporation in Florida.  Section 48.081 permits service on a hierarchy of corporate officers, directors and agents or on the corporation's registered

agent.[1]  The statutes additionally provide "if service cannot be made on a registered agent because of failure to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."  *Id.* § 48.091(3)(a).

The process server averred that the registered agent of Florida Sunset Shuttle, Inc. was out of the country.  Doc. No. 12.  The process server further averred as follows: "Served at business at address 851 E. Donegon Avenue, Kissimmee, Fl 3145[,] 3145 Packard Avenue, St. Cloud, Florida (Fitzgerald Family"/Renters) Company and Officers Not At Address. 1232 Biscayne Way, Orlando, Florida 32837 "Acevedo Family" Not Affiliated to Corporation."  *Id.*  It is unclear from this description where the principal place of business of Florida Sunset Shuttle, Inc. is, upon whom service of process was made, and whether the individual upon whom process was served is an officer, director, agent or employee of the corporation upon whom service may validly be made under governing law.

Additionally, the original complaint named only Jose Mundo as a plaintiff.  If other plaintiffs named in the amended complaint wish to seek a default against either defendant, they must serve the amended complaint on the defendants before seeking a entry of a default.  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365 (11th Cir. 1982).

---

[1] Although not at issue here, a party also may serve a Florida corporation by publication under certain circumstances in accordance with § 49.051, Fla. Stat.

Any future motion for entry of a default shall be accompanied by a memorandum of law addressing why service of process was proper.

**DONE** and **ORDERED** in Orlando, Florida on August 25, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE