**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOSE MUNDO,
JOSEPH VASQUEZ,
JAVIER CORDOVEZ,
MACLAINE FLEXAS,
ORLANDO ESCOBAR &
JOSEPH VASQUEZ,**

        **Plaintiffs,**

-vs-                                                       Case No. 6:07-cv-702-Orl-19KRS

**FLORIDA SUNSET SHUTTLE, INC.,**
        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause comes before the Court on its own initiative. On April 25, 2007, Plaintiff Jose Mundo filed a complaint against Defendants Florida Sunset Shuttle, Inc., and Ruben Cabrera as a collective action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and breach of contract. Doc. No. 1. Mundo's claims against Cabrera were voluntarily dismissed without prejudice on July 9, 2008. Doc. No. 18. The remaining opt-in Plaintiffs joined the case when Mundo filed an amended complaint against Florida Sunset Shuttle, Inc. Doc. No. 25.

Mundo purportedly served Florida Sunset Shuttle, Inc., with a summons and copy of the original complaint on May 9, 2007. Doc. No. 12. The Court denied Mundo's motion for entry of default as to the opt-in Plaintiffs for failure to serve the amended complaint that named them on Florida Sunset Shuttle, Inc., and for Mundo's failure to properly effect service of the original in accordance with Fed. R. Civ. P. 4. Doc. No. 27.

Thereafter, K.E. Pantas, attorney for Plaintiffs, filed a motion to withdraw. Doc. No. 30. The Court granted this motion and ordered Plaintiffs to file an affidavit of service of process on Defendant Florida Sunset Shuttle, Inc., as required by Rule 4 on or before November 30, 2008. Doc. No. 31. The Court admonished Plaintiffs that a failure to file the affidavit "may result in the presiding judge dismissing the case without any further notice." *Id.* at 2. Noting that Plaintiffs had failed to file the required affidavit, on January 13, 2009, the undersigned issued to Plaintiffs an Order to Show Cause why the case should not be dismissed for lack of prosecution. Doc. No. 33. The Order required Plaintiffs to respond within eleven days of the date of the Order. *Id.*

As of the writing of this Report and Recommendation, Plaintiffs have neither filed proof of service as to Florida Sunset Shuttle, Inc., nor shown cause why the case should not be dismissed for failure of prosecution. Accordingly, based on Plaintiffs' failure to comply with the Court's order or provide any justification for not doing so, I respectfully recommend that Plaintiffs' claims against Florida Sunset Shuttle, Inc., be **DISMISSED** without prejudice for failure to prosecute pursuant to Local Rule 3.10(a) and for failure to comply with a pretrial order of the Court pursuant to Federal Rule of Civil Procedure 16(f). I further recommend the Court direct the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 26, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE